UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: GERARD D. GRANDOIT,<br><br>Petitioner. | *<br>*<br>*<br>*<br>* | M.B.D. No. 23-mc-91151-ADB |

ORDER

BURROUGHS, D.J.

Gerard D. Grandoit, proceeding *pro se*, filed an ex-parte, emergency motion seeking leave to file a "future Complaint at a later time." [ECF No. 1]. Attached to the motion are a cover letter addressed to the Chief Judge of this Court as well several documents relating to administrative and state court proceedings. Id.

The Court's records indicate that Grandoit has been found by two judges of this Court to be an abusive litigant. See Grandoit v. Staples, C.A. No. 10-10299-RGS (D. Mass. Dec. 6, 2011) (the "December 2011 Order"); and In Re Petition to File by Enjoined Litigant Gerard D. Grandoit, M.B.D. No. 15-mc-91226-PBS (D. Mass. May 4, 2015) (the "May 2015 Order"). To obtain approval for filing a civil action in this Court, the May 2015 Order requires Grandoit to "file a written petition together with the proposed complaint and papers sought to be filed" and "certify under oath that there is a good-faith basis for their filing."

Although Grandoit states that "[h]e was not able to go to type normally on how he used to be at the early time in providing the document to the Court [due to illness]," [ECF No. 1 at 2], he has not complied with the May 2015 Order. In order for Grandoit to obtain approval for filing a civil action in this Court, his petition for leave to file must be accompanied by a copy of the

December 2011 Order together with the proposed complaint and papers sought to be filed.  He must also certify under oath that there is a good-faith basis for their filing.

As an initial matter, Grandoit failed to attach copies of the proposed complaint and December 2011 Order.  More significant is the fact that Grandoit fails to certify under oath that there is a good-faith basis for the relief he seeks.  Even if Grandoit had complied with the May 2015 Order, this Court is unable to grant leave to file a "future Complaint at a later time."  The Court concludes that any potential legal challenge is not ripe.  Under the ripeness doctrine, a "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).

Under these circumstances, the Motion [ECF No. 1] is DENIED.  The Clerk is directed to enter an order dismissing this miscellaneous business docket case.

**SO ORDERED.**

June 1, 2023                                          /s/ Allison D. Burroughs
                                                                   ALLISON D. BURROUGHS
                                                                   U.S. DISTRICT JUDGE